Elizabeth **BAKER**, Plaintiff—
Appellant,

v.

**DELTA AIR LINES, INC.,**
Defendant—Appellee.

No. 03–35384.

D.C. No. CV–02–00039–LBE.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

J. Tiffin Hall, Missoula, MT, for Plaintiff–Appellant.

Gregory C. Black, Corette Pohlman & Kebe, Butte, MT, Andrew J. Fisher, Kelly Kubes, Delta Air Lines, Inc., Atlanta, GA, Defendant–Appellee.

---

Before HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

MEMORANDUM**

Appellant Elizabeth Baker appeals the district court's summary judgment in favor of Delta Air Lines ("Delta"), in her diversity action alleging wrongful termination in violation of Montana's Wrongful Discharge from Employment Act ("WDEA"), MONT. CODE. ANN. § 39–2–901, *et seq.,* following a positive drug test which indicated the presence of cocaine in her system. To the extent that Baker advanced a claim premised on "drug testing of aviation personnel performing safety-sensitive functions," that claim was preempted by the Omnibus Transportation Employee Testing Act of

---

1991 ("Testing Act"). *See, e.g., Frank v. Delta Airlines, Inc.,* 314 F.3d 195 (5th Cir.2002) (holding that the Testing Act preempted state law claims asserting theories of negligence, intentional infliction of emotional distress, and defamation). *Cf. Ishikawa v. Delta Airlines, Inc.,* 343 F.3d 1129, 1132–33 (9th Cir.2003) (concluding that a state law negligence claim was not preempted due to the Testing Act's "express preserv[ation] rather than preempt[ion]" of negligence claims).

Baker's wrongful termination claim may survive preemption, but Baker's drug test indicating the presence of cocaine nevertheless constituted "good cause" for her dismissal under the WDEA, because cocaine use is a "reasonable job-related grounds for dismissal based on a ... legitimate business reason." MONT.CODE. ANN. § 39–2–903(5). *See Buck v. Billings Mont. Chevrolet, Inc.,* 248 Mont. 276, 811 P.2d 537, 540 (1991) (clarifying that "[a] legitimate business reason is a reason that is neither false, whimsical, arbitrary or capricious, and it must have some logical relationship to the needs of the business").

Baker contends that a triable issue of fact remains as to whether Delta violated the WDEA by running afoul of its own internal policies, but she is incorrect. Delta's comprehensive "Anti–Drug Program" makes very clear that "[t]here is absolutely no tolerance for the use of unlawful substances by Delta personnel. Thus, any individual who is found to be illegally using drugs will be terminated."

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.